Phyllis Gangel-Jacob, J.
(dissenting). I respectfully dissent. I would reverse and dismiss the holdover petition upon the authority of Park Holding Co. v Rosen (241 AD2d 304, revg NYLJ, Oct. 3, 1996, at 24, col 1, for the reasons stated in dissenting opn of Helen E. Freedman, J.). If the landlord’s position is that tenant is no longer occupying the premises as a primary residence, it should have commenced such a proceeding upon the expiration of the last lease renewal. Instead, this proceeding was brought as an “illegal sublet” where the alleged “subtenant” is tenant’s own son who was raised in the apartment and has lived there exclusively, apart from college attendance and a 16-month period in Florida. From the record, it is difficult to ascertain how much time tenant spends at the Manhattan apartment, as compared with the Queens County address where she claims to be employed as a caretaker for a young child. The employer coincidentally happens to be her son’s father. Such arrangements, while not usual, are not extraordinary. Certainly, there is insufficient proof that she has abandoned her home. At the very least, tenant could return to the apartment since she is allowed to reside there with her immediate family under the terms of the lease and Real Property Law § 235-f. In such circumstances, this proceeding — and an eviction — seem pointless, and the petition should be dismissed for failure to prove an illegal sublet. (Park Holding Co. v Rosen, supra.)
Parness, P. J., and Davis, J., concur; Gangel-Jacob, J., dissents in a separate memorandum.